## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### BANKRUPTCY DIVISON
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| In re: | Chapter 11 |
| EQUIVEST ST. THOMAS, INC., | Case No.: 07-30011 (JKF) |
| | Hearing Date: June 18, 2008 |
| Debtor | Re: Docket Nos.: 468, 469 and 531 |

### ORDER CONFIRMING PLAN OF REORGANIZATION

The relief set forth on the following pages, numbered two (2) through seven (7), be and hereby is **ORDERED**.

_____
HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

Dated: June 18, 2008

Page - 2 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

On the 18th day of June, 2008, came on for consideration confirmation of the Plan of Reorganization of Equivest St. Thomas, Inc., the debtor and debtor in possession herein, ("ESTT" or the "Debtor"), under chapter 11 of title 11 of the United States Code (the "Plan"), (Docket No. 469). All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

Having conducted the Confirmation Hearing, reviewed the evidence, objections to confirmation, if any, and arguments of counsel, **THE COURT HEREBY FINDS AS FOLLOWS:**

1. <u>Petition Date</u>. The Debtor filed its voluntary petition for relief under chapter 11 on July 2, 2007.

2. <u>Vote Solicitation</u>. The Plan, the Disclosure Statement and such Ballots and other appropriate material as were required to be provided, were transmitted to holders of Claims and Interests, as well as all required parties in interest, in accordance with the Order approving the Disclosure Statement, (Docket No. 531). <u>See</u> Docket No. 553.

3. <u>Notice</u>. Notice of the Plan, the Confirmation Hearing, the objection and voting deadlines were in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure and was therefore adequate. All modifications to the Plan satisfy the requirements of Rule 3019 of the Federal Rules of Bankruptcy Procedure. Holders of Claims and Interests, as well as all required parties in interest, have received adequate notice and an opportunity to be heard and were accorded due process in the adjudication of the issues presented by Confirmation

Page - 3 -
Debtor: **Equivest St. Thomas, Inc.**
Case: **07-30011 (JKF)**
Caption: **Order Confirming Plan of Reorganization**

of the Plan. Likewise, acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions.

4. <u>Section 1122</u>. The classification of Claims contained in the Plan is appropriate in each case under Section 1122 of the Bankruptcy Code.

5. <u>Accepting and Rejecting Classes</u>. The Disclosure Statement provides that holders of Allowed Claims and Interests in Classes 1-5, 8 and 10-12 are Impaired and entitled to vote on the Plan. Classes 5, 8, 11A, 11B and 12 each voted to accept the Plan. No Ballots were cast by Creditors in Classes 1-4 or 10 and, accordingly, those Classes did not accept the Plan. No Impaired Classes voted to affirmatively reject the Plan. Classes 6-7, 9 and 13 are Unimpaired under the Plan and are deemed to have accepted the Plan.

6. <u>Section 1123</u>. The Plan complies with Section 1123 of the Bankruptcy Code in that the Plan: (a) designates Classes of Claims, other than Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Bankruptcy Code; (b) specifies each Class of Claims or Interests of that is not impaired under the Plan and the treatment of all Classes (and Sub-Classes) of Claims and Interests that are impaired under the Plan; (c) provides for the same treatment for each Claim or Interest of a particular Class or Sub-Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment; (d) provides adequate means for the Plan's implementation; and (e) the Debtor has made adequate disclosure of post-confirmation management, all of which is consistent with the interests of creditors, equity interest holders and public policy.

Page - 4 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

7. <u>Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

8. <u>Section 1129(a)(2)</u>. The Debtor, the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

9. <u>Section 1129(a)(3)</u>. The Plan has been proposed in good faith by the Debtor and not by any means forbidden by law, in compliance with Section 1129(a)(3) of the Bankruptcy Code.

10. <u>Section 1129(a)(4)</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, as required by Section 1129(a)(4) of the Bankruptcy Code.

11. <u>Section 1129(a)(5)</u>. In the Plan, the Disclosure Statement and at the Confirmation Hearing, the Debtor has complied with Section 1129(a)(5) by disclosing the identity of each of the individuals proposed to serve, after the Effective Date of the Plan, as management for the Debtor. The continuance in such office of such individuals in consistent with the interests of creditors, equity security holders and public policy.

12. <u>Section 1129(a)(6)</u>. The Plan does not require the approval of any governmental regulatory commission as contemplated by section 1129(a)(6) of the Bankruptcy Code.

13. <u>Section 1129(a)(7)</u>. With respect to each Impaired Class (or Sub-Class) of Claims or Interests under the Plan, each holder of an Allowed Claim or Interest of such Class (or Sub-Class)(i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such

Page - 5 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was to be liquidated under chapter 7 of the Bankruptcy Code in compliance with Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies the "best interest" of creditors test.

14. <u>Section 1129(a)(8)</u>. The Plan does not satisfy the requirements of Section 1129(a)(8) of the Bankruptcy Code in that not all Impaired Classes have voted to accept the Plan. Accordingly, the Debtor has proceeded to confirmation pursuant to Section 1129(b) of the Bankruptcy Code.

15. <u>Section 1120(a)(9)</u>. The Plan satisfies the requirements of Section 1129(a)(9).

16. <u>Section 1129(a)(10)</u>. At least one Impaired Class of Claims has voted to accept the Plan, which acceptance has been determined without including any acceptance of the Plan by any insider. As such, the requirements of Section 1129(a)(10) of the Bankruptcy Code are satisfied.

17. <u>Section 1129(a)(11)</u>. The Plan meets the requirements of Section 1129(a)(11) because, based upon the evidence presented, the Plan is sufficiently feasible and not likely to be followed by the need for further financial reorganization of the Debtor.

18. <u>Section 1129(a)(12)</u>. All fees payable under 28 U.S.C.§ 1930 have been paid, or the Plan provides for the payment of all such fees in each case on and after the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

19. <u>Section 1129(a)(13)</u>. The Debtor has no obligation to retirees and therefore Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

Page - 6 -
Debtor: Equivest St. Thomas, Inc.
Case: 07-30011 (JKF)
Caption: Order Confirming Plan of Reorganization

20. <u>Section 1129(a)(14)</u>. The Debtor is not required to pay a domestic support obligation and therefore Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

21. <u>Section 1129(a)(15)</u>. The Debtor is not an individual and therefore Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

22. <u>Section 1129(a)(16)</u>. Section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Debtor.

23. <u>Section 1129(b)</u>. The Plan complies with all of the provisions of 1129(a) with the exception of 1129(a)(8). The Plan shall nevertheless be confirmed under Section 1129(b) of the Bankruptcy Code because the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims of Interests that is Impaired under, and has not accepted, the Plan.

Therefore, **THIS COURT HEREBY CONCLUDES**, as a matter of law, that:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157.

3. The Plan complies with all elements of Section 1129 of the Bankruptcy Code.

4. The Plan should be confirmed in all respects.

Now, upon the motion of the Debtor and after due deliberation, the Court hereby **ORDERS, ADJUGES AND DECREES** that:

1. <u>Rule 7052</u>. The findings and conclusions of this Court set forth above shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this matter by Bankruptcy Rule 9014.

Page - 7 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

2.  <u>Findings and Conclusions</u>. To the extent that any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, it is adopted as such. To the extent that any provision designated herein as a conclusion of law is more properly characterized as a finding of fact, it is adopted as such.

3.  <u>Incorporation by Reference of Plan</u>. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4.  <u>Confirmation of Plan</u>. The Plan is confirmed in all respects pursuant to Section 1129 of the Bankruptcy Code.

5.  <u>Closing of Record</u>. Upon entry of this Order, the record of the Confirmation Hearing is closed.

6.  <u>Section 1142</u>. In accordance with Section 1142 of the Bankruptcy Code, the Debtor, its attorneys and representatives are authorized, empowered, directed and ordered to forthwith issue, execute, deliver, file and record any other agreement, document, instrument or certificate referred to in or contemplated by the Plan (collectively, the "Implementation Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan and the Implementation Documents in accordance with their respective terms.

7.  <u>Further Implementation</u>. Each and every federal, state, commonwealth, territory, local or other governmental agency or department is hereby directed and ordered to accept the Implementation Documents and any and all other documents and instruments necessary, useful

Page - 8 -
Debtor: Equivest St. Thomas, Inc.
Case: 07-30011 (JKF)
Caption: Order Confirming Plan of Reorganization

or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan or this Order.

8. <u>Notice of Confirmation</u>. Pursuant to Bankruptcy Rule 3020(c), within ten (10) Business Days following entry of this Order, or as soon as practicable thereafter, the Debtor shall mail to holders of Claims and Interests a notice, as provided in Bankruptcy Rule 2002(f), of Confirmation of the Plan.

9. <u>Retention of Jurisdiction</u>. Notwithstanding Confirmation of the Plan, this Court retains jurisdiction over the Debtor's Bankruptcy Case pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code and (b) Article XII of the Plan, to enforce the terms of this Order, and for such other purposes as may be necessary or useful to aid in the implementation and consummation of the Plan.

10. <u>Approval of Transfer Documents and Amendments to Declarations/By-Laws</u>. The Bluebeard's Castle Declaration Amendments; Bluebeard's Castle Transfer Documents; BBC Amendments; BBC Transfer Documents; Elysian Amendments; and Elysian Transfer Documents referenced in the Plan and further detailed in the Notice of Proposed Transfer Documents and Amendments to Declarations and/or By-Laws (Docket No. 605), Supplemental Notice of Proposed Transfer Documents and Amendments to Declarations and/or By-Laws (Docket No. 616) and Second Supplemental Notice of Proposed Transfer Documents and Amendments to Declarations and/or By-Laws (Docket No. 620), (collectively, the "Transfer Documents"), are hereby approved in all respects, with the exception that the First Amendment of the By-Laws of Bluebeard's Castle Hilltop Villas Condominium Association contained at Exhibit "A" at Docket No. 605 is deleted in its entirety and replaced by the First Amendment attached at Exhibit "A" hereto, which is hereby approved in all respects.

Page - 9 -
Debtor: Equivest St. Thomas, Inc.
Case: 07-30011 (JKF)
Caption: Order Confirming Plan of Reorganization

The Bluebeard's Castle Associations, Elysian Association and BBC Association shall promptly execute, endorse and/or accept the respective Transfer Documents and any and all other documents reasonably requested by the Debtor to effectuate/consummate the transactions contemplated by the Transfer Documents, Plan and/or this Order.

Each and every federal, state, commonwealth, territory, local or other governmental agency or department is hereby directed and ordered to accept any and all of the Transfer Documents to effectuate/consummate the transactions contemplated by the Transaction Documents, Plan and/or this Order. The transactions contemplated by the Transaction Documents are deemed to constitute a transfer of property and/or delivery of instruments pursuant to 11 U.S.C. §1146(a) so as to relieve the Debtor (or Reorganized Debtor) from any responsibility to pay any stamp or similar tax required to effectuate the contemplated transactions or otherwise imposed as a result thereof.

11. <u>Approval of Transfer(s) of Real Property</u>. The transfers by the Debtor of the Hotel Property; the Elysian Hotel Property; and the BBC Hotel Property as and when set forth in the Plan are approved, in "as is/where is" condition, pursuant to 11 U.S.C. § 363(c), (f) and (m) as well as the *Restatement (Third) of Property, Servitudes, § 6.19*, adopted as operative law in the Virgin Islands by V.I. Code Ann. Title 1, Section 4. With respect to the Hotel Property, said property shall be transferred to the Bluebeard's Castle Associations free and clear of all liens, claims and encumbrances including any federal tax lien or real property taxes on the Hotel Property through the transfer date and any monetary judgments of record as of the Petition Date but shall be transferred subject to utility easements and similar non-monetary encumbrances of

Page - 10 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

record as of the transfer date. ESTI shall further, pursuant to the Plan, assume responsibility for and hold the Bluebeard's Castle Associations harmless from any and all real property taxes on the Hotel Property through the transfer date.

12.     <u>Approval of Assumption and Assignment of the Bluebeard's Castle Leases</u>. On the Effective Date of the Plan, the Bluebeard's Castle Leases referenced in the Plan and further detailed in the Notice of Executory Contracts and Unexpired Leases proposed to be Assumed and Assigned Pursuant to the Chapter 11 Plan of Reorganization of Equivest St. Thomas, Inc. (Docket No. 561), (the "Assumption/Assignment Notice"), shall be deemed assumed by the Debtor and assigned to the Bluebeard's Castle Associations pursuant to 11 U.S.C. § 365(a), (f) and (k).

The Collective Bargaining Agreement dated November 1, 2005 (the "11/1/05 CBA") with the United Steelworkers AFL-CIO-CLC is hereby deleted from the list of those executory contracts and/or unexpired leases to be assumed and assigned to the Bluebeard's Castle Associations per the Assumption/Assignment Notice because the Debtor is no longer the employer of employees within that bargaining unit. Accordingly, notwithstanding any other provisions of this Order, the 11/1/05 CBA is not being assumed and assigned to the Bluebeard's Castle Associations.

To the extent that the Debtor has collected rent on account of any of the Bluebeard's Castle Leases for a period subsequent to the Effective Date, said rent (less any related expenses paid by the Debtor for the period after the Effective Date) shall be paid to the Bluebeard's Castle Associations on the Effective Date. The assignment of the Bluebeard's Castle Leases shall be

Page - 11 -
Debtor:     **Equivest St. Thomas, Inc.**
Case:       **07-30011 (JKF)**
Caption:    **Order Confirming Plan of Reorganization**

deemed to constitute a transfer of property and/or delivery of instruments pursuant to 11 U.S.C. § 1146(a) so as to relieve the Debtor (or Reorganized Debtor) from any responsibility to pay any stamp or similar tax required to effectuate the assignment or otherwise imposed as a result thereof.

13. <u>Approval of Assumption and Assignment of the Elysian Leases</u>. Simultaneous with the Elysian Transfer, the Elysian Leases which are then in effect shall be deemed assumed by the Debtor and assigned to the Elysian Association pursuant to 11 U.S.C. § 365(a), (f) and (k) as and when set forth in the Plan. The assignment of the Elysian Leases shall be deemed to constitute a transfer of property and/or delivery of instruments pursuant to 11 U.S.C. § 1146(a) so as to relieve the Debtor (or Reorganized Debtor) from any responsibility to pay any stamp or similar tax required to effectuate the assignment or otherwise imposed as a result thereof.

14. <u>Approval of Assumption and Assignment of the BBC Leases</u>. Simultaneous with the BBC Transfer, the BBC Leases which are then in effect shall be deemed assumed by the Debtor and assigned to the BBC Association pursuant to 11 U.S.C. § 365(a), (f) and (k) as and when set forth in the Plan. The assignment of the BBC Leases shall be deemed to constitute a transfer of property and/or delivery of instruments pursuant to 11 U.S.C. §1146(a) so as to relieve the Debtor (or Reorganized Debtor) from any responsibility to pay any stamp or similar tax required to effectuate the assignment or otherwise imposed as a result thereof.

15. <u>Exit Financing</u>. The Exit Financing is approved in all respects pursuant to 11 U.S.C. § 364(c).

Page - 12 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

(a)     The Debtor is authorized to enter into the Credit Agreement referenced in the term sheet for Exit Financing (the "Term Sheet") at Exhibit "B" to the Disclosure Statement, together with all agreements, documents and instruments delivered pursuant thereto or in connection therewith, including, without limitation, the security agreement, (collectively, the "Post-Petition Financing Documents") in substantially the form set forth in the Term Sheet, and to borrow money and perform its obligations there under in accordance with, and subject to, the terms of the Plan and the Post-Petition Financing Documents, the provisions of the Post-Petition Financing Documents. The provisions of the Post-Petition Financing Documents are hereby approved in all respects.

(b)     The Debtor is authorized to enter into such non-material modifications and amendments to the Post-Petition Financing Documents as may be agreed upon in writing by the Debtor and the Lender, except any modification of the amount, interest rate or maturity of the Post-Petition Financing Obligations, which shall be subject to Court approval. Notice of all such modifications shall be filed with the Court and, other than those modifications and amendments that are ministerial or technical and do not adversely affect the Debtor, must be served upon all parties requesting notice in the Chapter 11 Case and the Office of the United States Trustee.

(c)     Upon execution and delivery of the Post-Petition Financing Documents, the Post-Petition Financing Documents shall constitute valid and binding obligations of the Debtor and Reorganized Debtor in accordance with their terms.

Page - 13 -
Debtor:     Equivest St. Thomas, Inc.
Case:       07-30011 (JKF)
Caption:    Order Confirming Plan of Reorganization

(d) From and after the Effective Date through the Termination Date (as hereinafter defined) and subject to the terms and conditions of this Order, the Debtor is hereby authorized to borrow funds pursuant to the terms and provisions of the Post-Petition Financing Documents.

(e) As security for all loans, advances and any other indebtedness or obligations, contingent or absolute, which may now or from time to time hereafter be owing by the Debtor to the Lender under any of the Post-Petition Financing Documents (all such loans, advances, indebtedness or obligations, including, without limitation, interest, expenses and fees as set forth in the Post-Petition Financing Documents, the "Post-Petition Obligations"), the Lender is hereby granted valid, binding, enforceable and perfected first-priority Liens (the "Post-Petition Liens") in certain presently owned or hereafter acquired property of the Debtor as set forth in the Term Sheet and Post-Petition Financing Documents, (the "Collateral"), but expressly excluding all actions for preferences, fraudulent conveyances, and other avoidance power claims and any recoveries under sections 542, 544, 545, 547, 548, 549, 550, 552(b) and 553 of the Bankruptcy Code (such recoveries, the "Avoidance Recoveries"), in each case subject only to any valid, binding, enforceable and perfected Liens existing in the Collateral on the date hereof (collectively, the "Permitted Liens").

(f) Except as expressly set forth in this Order, the Post Petition Liens granted in this Order shall not be (i) subject to any Lien of a person which is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code or (ii) subordinated to or made *pari passu* with any other Lien under section 364(d) of the Bankruptcy Code or otherwise, except for Permitted Liens.

Page - 14 -
Debtor: Equivest St. Thomas, Inc.
Case: 07-30011 (JKF)
Caption: Order Confirming Plan of Reorganization

(g) Notwithstanding anything herein or in the Post-Petition Financing Documents, the Debtor shall no longer, pursuant to this Order, the Post-Petition Financing Documents, or otherwise, be authorized to borrow funds under the Post-Petition Financing Documents (and any obligation of the Lender to make loans or advances under the Post-Petition Financing Documents or hereunder shall be terminated) or to use any proceeds of the loans already received (other than to repay the Post-Petition Financing Obligations) upon the earliest to occur of any of the following events (any such event shall be referred to as a "Termination Event" and the date of any such event shall be referred to as the "Termination Date"):

- (i) any Event of Default (as defined in the Post-Petition Financing Documents) shall have occurred and be continuing and any notice required pursuant to the Post-Petition Financing Documents to terminate the Lender's commitment to make Advances thereunder shall have been given;

- (ii) conversion of the debtor's bankruptcy case to a chapter 7 proceeding;

- (iii) the appointment of a trustee, responsible officer of an examiner with expanded powers;

- (vi) the occurrence of the Maturity Date (as defined in the Post-Petition Credit Agreement).

(h) The Debtor shall execute and deliver to the Lender all such agreements, financing statements, instruments, and other documents as the Lender may reasonably request to evidence, confirm, validate or perfect the Liens granted pursuant hereto.

(i) All Liens granted herein to secure repayment of the Post-Petition Financing Obligations pursuant to this Order be and they hereby are, deemed perfected, and no further notice, filing or other act shall be required to effect such perfection; provided, however, that, if

Page - 15 -
Debtor: Equivest St. Thomas, Inc.
Case: 07-30011 (JKF)
Caption: Order Confirming Plan of Reorganization

the Lender shall, in its sole discretion, choose to file such mortgages, financing statements, notices of liens and security interests and other similar documents, all such financing statements or similar instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

(j) Based on the findings set forth in this Order, and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the post-petition financing arrangement contemplated by this Order, in the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other Court, no such modification, amendment or vacation shall affect the validity and enforceability of any Lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order, and the Lender shall be entitled to all of the rights, remedies, privileges and benefits, including the Liens and priorities granted herein, with respect to any such claim.

(k) The obligations of the Debtor in respect of the Post-Petition Financing Obligations shall not be discharged by the entry of this Order confirming the plan and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived such discharge of the Post-Petition Financing Obligations.

16. <u>Release of Escrowed Funds</u>. On November 20, 2007, this Court entered an Order authorizing the Debtor to sell real property commonly known as Parcel No. 105 Estate Taarneberg, Kings Quarter, St. Thomas, U.S.V.I. (the "Property") free and clear of all liens,

Page - 16 -
Debtor:    Equivest St. Thomas, Inc.
Case:      07-30011 (JKF)
Caption:   Order Confirming Plan of Reorganization

claims, encumbrances and interests with valid liens, claims, encumbrances and interests, if any, to attach to the proceeds thereof, to International Capital & Management, LLP or its designee. Docket No. 307. That Order provided that the proceeds of sale would be held by Debtor's counsel pending further Order of the Court.

On December 20, 2007, the Debtor filed a Report of Sale with the Court, Docket No. 350, reflecting that the net proceeds from the sale of the Property are being held by Debtor's counsel, Dudley Topper and Feuerzeig, LLP in escrow pending further order of the Court. On the Effective Date, Dudley Topper and Feuerzeig, LLP is hereby authorized to remit the net proceeds from the sale of the Property to the Reorganized Debtor.

17.   **Dismissal of Adversary Proceedings.**

(a)   Dismissal of Shared Use Action -- Adv. Pro. No.: 07-03003 (JKF). To the extent that same has not already been accomplished, as of the Effective Date, the Shared Use Action shall be deemed settled pursuant to the Settlement Agreement and dismissed with prejudice in its entirety.

(b)   The District Court Action -- Adv. Pro. No.: 07-03002 (JKF). To the extent that same has not already been accomplished, as of the Effective Date, the District Court Action shall be deemed settled pursuant to the Settlement Agreement and dismissed with prejudice as against ESTI and the ESTI Related Defendants.

(c)   Superior Court Action -- Adv. Pro. No.: 07-03004 (JKF). To the extent that same has not already been accomplished, as of the Effective Date, the Superior Court Action

Page - 17 -
Debtor:     **Equivest St. Thomas, Inc.**
Case:       **07-30011 (JKF)**
Caption:    **Order Confirming Plan of Reorganization**

shall be deemed settled pursuant to the Settlement Agreement and dismissed with prejudice as against ESTI and the ESTI Related Defendants.

M:\PET\EQUIVEST\PLEADINGS\PLAN\Final Plan\Confirmation Ord.2-Final.doc

# FIRST AMENDMENT OF THE BY-LAWS
## OF
## BLUEBEARD'S CASTLE HILLTOP VILLAS CONDOMINIUM ASSOCIATION

  WHEREAS, the Bluebeard's Castle Hilltop Villas, a Condominium was developed by Bluebeard's Castle, Inc., which entity was subsequently merged with successor Equivest St. Thomas, Inc. (the "**Declarant**"); and

  WHEREAS, the by-laws (the "**By-Laws**") for the Bluebeard's Castle Hilltop Villas Condominium Association (the "**Association**") was recorded in the Recorder's Office for the Islands of St. Thomas and St. John, Virgin Islands of the United States, on _____ in Book _____ Page _____, Sub No. _____, and entered in the Real Property Register at Auxiliary _____, Page _____ in conjunction with the recordation of that certain *Declaration of Condominium Establishing Bluebeard's Castle Hilltop Villas, a Condominium* ("**Declaration**"), which Declaration was recorded in the Recorder's Office for the Islands of St. Thomas and St. John, Virgin Islands of the United States, on January 17, 1986 in Book 27-X, Page 157, Sub No. 28, and entered in the Real Property Register at Auxiliary 21(e), Page 250; and

  WHEREAS, in settlement of litigation between the Declarant and the Association (collectively, the "**Parties**"), the Parties entered into a Settlement Agreement dated January 8, 2008, whereby the Parties agreed to amend the Declaration to allow the Declarant to vote its interval interests in all association matters, and to preclude the Declarant from voting for or appointing members of the Association board of directors; and

  WHEREAS, the Parties recognize and agree that an amendment to the By-Laws (rather than an amendment to the Declaration) is more appropriate to achieve the goal of the Settlement Agreement; and

  WHEREAS, the Parties desire to amend the By-Laws to achieve the goal of the Settlement Agreement, which amendment is authorized without a vote of the Board of Directors or Unit Week Owners pursuant to an order of the District Court of the Virgin Islands, Bankruptcy Division, Division of St. Thomas and St. John, dated _____, 2008 (this "**First Amendment**");

  NOW, THEREFORE, the By-Laws are hereby amended by this First Amendment as follows:

1. The introductory sentence of Section 2 (Voting) of Article II (Membership and Voting Provisions) of the By-Laws is hereby stricken in its entirety and replaced with the following sentence:

  (a) Section 2. <u>Voting</u>: On all matters relating to the Association or to the Condominium Property upon which a vote is required or upon which a vote is taken, the Condominium Villa Unit Owners and the Condominium Interval Unit

Owners (including the Developer with respect to Condominium Villa Units and Condominium Interval Units owned by the Developer) shall each be entitled to cast the votes appurtenant to their Condominium Villa Unit or Condominium Interval Unit (except that the Developer shall not have the right to vote for Board Members), as follows:

2.   In all other respects, the By-Laws are hereby ratified and confirmed and, to the extent they are not inconsistent with the terms of this First Amendment, shall remain in full force and effect. In the event of any conflict between the terms of the By-Laws and this First Amendment, the terms of this First Amendment shall govern and prevail.

IN WITNESS WHEREOF, this *First Amendment of the By-Laws of Bluebeard's Castle Hilltop Villas Condominium Association* is hereby duly executed and acknowledged this ____ day of _____, 2008.

ASSOCIATION:

BLUEBEARD'S CASTLE HILLTOP VILLAS CONDOMINIUM ASSOCIATION, a U.S. Virgin Islands unincorporated association

WITNESSES:

_____

_____

By: _____
Name: _____
Title: _____

_____

_____

By: _____
Name: _____
Title: _____

/ / /

/ / /

/ / /

DECLARANT:

EQUIVEST ST. THOMAS, INC., a U.S. Virgin Islands corporation, successor by merger with Bluebeard's Castle, Inc.

WITNESSES:

_____

By: _____

Hilltop Villas Bylaws 1st Amend.doc                    2

Name: _____
_____     Title: _____

[ACKNOWLEDGMENTS]